**Bobby J. CAUDILL, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF TREASURY, Defendant–Appellee.**

No. 12–35586.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2014.*

Filed July 30, 2014.

Bobby J. Caudill, Kapowsin, WA, pro se.

Kenneth W. Rosenberg, Lindsay Laurie Clayton, Esquire, U.S. Department of Justice, Washingon, DC, for Defendant–Appellee.

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Bobby J. Caudill appeals pro se from the district court's judgment dismissing his action challenging levies imposed by the Internal Revenue Service ("IRS") to collect unpaid taxes for tax years 1999 and 2000. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the applicable statute of limitations. *Torres v. City of Santa Ana,* 108 F.3d 224, 226 (9th Cir.1997). We affirm.

Because Caudill did not allege a basis for subject matter jurisdiction, the district court properly construed the complaint as seeking damages under 26 U.S.C. §§ 7432 and 7433 and dismissed the action because it was not filed within the two-year statute of limitations. *See* 26 U.S.C. § 7432(d)(3); 26 U.S.C. § 7433(d)(3).

Under the Anti–Injunction Act, 26 U.S.C. § 7421, the district court lacked jurisdiction over Caudill's request for injunctive relief. *See J.J. Re–Bar Corp. v. United States (In re J.J. Re–Bar Corp.),* 644 F.3d 952, 955 (9th Cir.2011) (Anti–Injunction Act precludes federal jurisdiction over actions seeking to enjoin the IRS's tax collection efforts).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.